UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROD TURNER,

    Petitioner,

v.                                                         Case No. 4:22cv102-MW-HTC

SHERIFF WALT MCNEIL OF LEON COUNTY,

    Respondent.

_____/

## ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Rod Turner's habeas petition,[1] ECF Doc. 1, and an incomplete motion to proceed *in forma pauperis*, ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The Court ordered Petitioner to file a complete motion to proceed *in forma pauperis* or pay the fee and ordered him to amend his petition on the proper form and to provide two service copies.  ECF Doc. 4.  The Court has not received a response to that order but instead has received notice that the order was returned

---

[1] Petitioner does not specify whether he seeks federal habeas relief under 28 U.S.C. § 2241 or 2254.  However, because Petitioner claims to be in custody as a pre-trial detainee awaiting extradition rather than pursuant to a judgment of conviction, his case must be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.  *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241.").

undeliverable. ECF Doc. 5. Because (1) Petitioner has failed to keep the Court apprised of his address, (2) his release renders the case moot, and (3) his petition would fail on the merits, the undersigned respectfully recommends that this petition be dismissed.

## I.     BACKGROUND

Petitioner, a detainee at the Leon County Detention Center ("LCDC") when he filed the Petition on March 3, 2022, had been arrested in Tallahassee on December 10, 2021, on an outstanding Virginia warrant. ECF Doc. 1 at 2. Petitioner waived extradition on December 11, 2021 and was brought before a Leon County judge who ordered him detained for 30 days "as provided in Fla. Stat. Chap. 941.15." *Id.*; *see* Leon County Circuit Court case number 2021 CF 3268.[2]

Chapter 941 addresses the manner in which those arrested on out-of-state warrants can be detained in Florida awaiting extradition to the other state. Under § 941.15, a defendant can be detained for 30 days while the two states work to get a "Governor's Warrant" under Fla. Stat. 941.07 ("If the Governor decides that the demand should be complied with, he or she shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to any peace officer or other person whom the Governor may think fit to entrust with the execution thereof. ").

---

[2] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records.

Case No. 4:22-cv-102-MW-HTC

Forty-four (44) days later, Petitioner was again brought before the court because the Governor's Warrant had yet to be issued. Under Florida Statutes § 941.17 the court can grant an extension of the period of commitment after the 30 days expires "[i]f the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant by the expiration of the time specified in the warrant or bond, a judge may discharge the accused or may recommit him or her for a further period not to exceed 60 days."

At a hearing on January 20, 2022, the court extended detention to February 8, 2022. Then, on February 7, 2022, the court held another hearing after which it imposed a $3000 bond and GPS requirement. ECF Doc. 1 at 3. Petitioner was not able to post the bond, so remained detained. Eventually a Governor's Warrant was issued on February 28, 2022, which triggered a second case, 2022 CF 617, in which the filings are duplicative of the first case, 2021 CF 3268.

On March 3, 2022, Petitioner filed the instant petition, entitled "Application for Writ of Habeas Corpus" and a motion to proceed IFP. In the petition, he argues he is being held only for extradition to Washington County, Virginia, and the State of Florida failed to follow Florida state law in holding him for 82 days without a "governor's warrant." He moves the Court to grant "his immediate release from the custody of the Respondent." ECF Doc. 1 at 1 & 5.

## II. LEGAL STANDARD

Under Habeas Rule 4, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*; *see also* 28 U.S.C. § 2243 (stating an order to show cause should issue "unless it appears from the application that the applicant or person detained is not entitled" to relief).

## III. DISCUSSION

The petition in this case should be dismissed pursuant to Rules Governing § 2254 Cases, Rule 4 because Petitioner has failed to comply with an order of the Court, failed to prosecute, and failed to keep the Court apprised of his address. Also, his release from Respondent's custody moots the case, and his petition would have failed on the merits anyway.

### A. Petitioner Has Failed to Prosecute This Case

On March 14, 2022, the Court ordered Petitioner to file an amended petition on this Court's forms and complete motion to proceed *in forma pauperis*, also on this Court's forms. ECF Doc. 4. The Court also ordered Petitioner to prepay for, or provide service copies of, the petition. *Id.*; *see* Rule 5.3 of the Local Rules of the Northern District of Florida ("A party who files or removes a civil case must

Case No. 4:22-cv-102-MW-HTC

simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."; Local Rule 5.7(A) ("A party not represented by an attorney must file . . . a petition for writ of habeas corpus . . . only on a form available without charge from the clerk or on the District's website. . . . The Court need not -- and ordinarily will not -- consider a petition, motion, or complaint that is not filed on the proper form.").

On March 25, 2022, the Court's March 14, 2022 Order was returned undeliverable. ECF Doc. 5. The Court conducted an independent review of Florida Department of Corrections ("FDOC"), Leon County Detention Center, Leon County Circuit Court, and Washington County, Virginia, Circuit Court online records and determined that Petitioner had been released from the custody of the Respondent on March 16, 2022. *See* Attached docket sheet from Leon County Circuit Court case no. 2022 CF 617 (last accessed by the Court on March 31, 2022). Petitioner did not leave a forwarding address with the Leon County Detention Center or give a notice of change of address to the Leon County Circuit Court or this Court. A review of FDOC online records shows that he is not in FDOC custody.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In

Case No. 4:22-cv-102-MW-HTC

particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

At the outset of this case, Petitioner was sent a Notice to Pro Se Litigant, specifically informing him that "[t]hroughout this case, you are required to advise the Clerk's Office **in writing** of any change in your mailing address by filing a Notice of Change of Address." ECF Doc. 3 (sent March 9, 2022 and not returned to the Court). Petitioner has failed to do so.

An action may "be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to keep the Court apprised of his current address." *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and*

Case No. 4:22-cv-102-MW-HTC

*recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case"); *see also, Reed v. Stewart*, 2017 WL 1287672, at *1 (S.D. Ala. Feb. 24, 2017), *report and recommendation adopted*, 2017 WL 1276060 (S.D. Ala. Apr. 3, 2017) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution)). Therefore, the petition should be dismissed for Plaintiff's failure to comply with this order of the Court, failure to prosecute, and failure to keep the Court apprised of his address.

**B.     The Petition Is Now Moot and the Court Lacks Jurisdiction Because Petitioner Has Been Released**

An additional, alternative reason to dismiss the petition is that it has become moot with the release of the Petitioner from Respondent's custody. As noted above, the only remedy sought by Petitioner was "his immediate release from the custody of the Respondent." ECF Doc. 1 at 1 & 5. Leon County Circuit Court records show that he was released on March 16, 2022. *See* attached docket from Leon County Circuit Court case no. 2022 CF 617 (last accessed by the Court on March 31, 2022). Therefore, the only relief he sought has been provided him.

Also, under 28 U.S.C. § 2241, "the writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2241 (c). The "in custody" requirement is thus a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001). "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because Petitioner no longer meets the "in custody" requirement in 28 U.S.C. § 2241, this action should be dismissed with prejudice for lack of jurisdiction as well.

### C. Dismissal is Appropriate as Petitioner's Petition Would Have Failed on the Merits

Finally, Petitioner would not have been entitled to federal habeas relief as he asserts only that he was in custody in violation of state – not federal – law. Petitioner does not cite to any federal statute or law as the basis of the petition. Instead, Petitioner cites only Florida law – specifically Florida Statutes Chapters 79 and 941. Thus, although Petitioner seeks "immediate release from the custody of the Respondent", he does *not* contend the Respondent is holding him "in custody in

violation of the Constitution or laws or treaties of the United States" – a requirement of both 28 U.S.C. §§ 2241 and § 2254(a). Indeed, as the basis of this Court's jurisdiction, Petitioner cites only to provisions of the Florida Constitution and laws. ECF Doc. 1 at 1.

Under Florida Law, Petitioner had various remedies available to him that he has not pursued. First, under Fla. Stat. 941.10, he can apply for a writ of habeas corpus within the state system. Petitioner admits he has not done that. Second, he could have appealed the orders committing him to detention and then recommitting him and denying him bail, but a review of First DCA and Florida Supreme Court online resources shows that he did not. Thus, Petitioner has also failed to exhaust his claims in state court.

## IV. CONCLUSION

For all these reasons, the petition should be dismissed. Courts may *sua sponte* dismiss a habeas petition if the parties are afforded "notice of [the] decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654-55 (11th Cir. 2020) (holding that Petitioner was given "ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed"). Similarly, the Supreme Court has approved a federal court's authority to *sua sponte* dismiss habeas

petitions if the Court has given "the parties fair notice and an opportunity to present their positions." *See Day v. McDonough*, 547 U.S. 198, 205, 210–11 (2006).

This Report and Recommendation provides such notice and a reasonable opportunity to oppose dismissal. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Also, the Court explained the deficiencies of the Petition in the March 14 order which was returned to the Court undeliverable. ECF Doc. 4. Because Petitioner has not provided a forwarding address to the Court or to the Leon County Detention Center, it is unlikely this Report will reach him through the mail. However, the Petitioner has the opportunity to view the docket online.

Accordingly, it is RECOMMENDED that:

1. The Petition at ECF Doc. 1 be DISMISSED WITH PREJUDICE as moot, for a lack of jurisdiction, and for Petitioner's failure to prosecute, to keep the Court apprised of his address and to comply with an order of the Court.

2. The clerk be directed to close the file.

DONE in Pensacola, Florida, this 4th day of April, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.